**In the Matter of HOWE GRAIN, INC., Debtor.**

**Richard J. BUTLER, Trustee, Plaintiff,**

v.

**Raymond BANTZ, Martin Caspers, Roger McMann, Gordon Lee Kuker, Fred Allen, Jr., Clinton S. Bantz, John Blount, and Dennis Bantz, Defendants.**

**Bankruptcy No. BK88–41022.**
**Adversary No. A93–4046.**

United States Bankruptcy Court, D. Nebraska.

April 14, 1997.

Paul Conley, Lincoln, NE, for Roger McMann.

David Hahn, Lincoln, NE, for Plaintiff.

A. James McArthur, Lincoln, NE, for John Blount, Raymond Bantz, Marvin Caspers and Dennis Bantz.

Thomas Ferneau, Lincoln, NE, for Frederick Allen, III.

Willis Yoesel, Falls City, NE, for Gordon Lee Kuker.

Richard Butler, Lincoln, NE, Chapter 7 Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This adversary proceeding is before the court on the defendants' Motion to Dismiss. I conclude that the statute of limitations has run and that this case shall be dismissed.

## FACTS

The facts are not disputed.

1. On June 27, 1988, the Nebraska Public Service Commission closed Howe Grain, Inc.

2. On October 19, 1988, Howe Grain, Inc. filed for protection under Chapter 11 of the Bankruptcy Code.

3. On October 15, 1991, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code.

4. On October 17, 1991, the Chapter 7 Trustee was appointed.

5. On April 22, 1992, Mr. David Hahn was appointed as counsel for the Chapter 7 Trustee.

6. On April 22, 1993, Mr. David Hahn, on behalf of the Chapter 7 Trustee, filed this adversary proceeding.

The complaint asserts a claim against former officers and directors of Howe Grain, Inc. for misconduct and breach of duties to the corporation.

The parties agree that the four year statute of limitations under Neb.Rev.Stat. Ann. § 25–207 (Michie 1995) is applicable and that it commenced to run on or before June 27, 1988, when the Nebraska Public Service Commission closed Howe Grain, Inc. This action was not commenced until April, 1993. Unless the four year statute of limitation was tolled, this action is time-barred.

## LAW

The Chapter 7 trustee asserts that the Nebraska Supreme Court would invoke

the doctrine of "adverse domination" and conclude that this action was commenced before the statute of limitations expired. The adverse domination doctrine tolls the running of a statute of limitation on corporate claims against the corporation's officers and directors during the time they control the corporation.

If the wrongdoers control the corporation, the corporation will not sue the wrongdoers. See, Clark v. Milam, 872 F.Supp. 307, 310 (S.D.W.Va.1994).

The Chapter 7 trustee contends that the doctrine applies because the defendants breached their fiduciary duties as officers and directors of Howe Grain, Inc., and controlled the corporation until the bankruptcy case was converted to Chapter 7. In the predecessor Chapter 11 case, a trustee was not appointed. Therefore, the debtor-in-possession, Howe Grain, Inc., was under the control of its officers and directors. The Chapter 7 trustee asserts that the statute of limitations was tolled until his appointment on October 17, 1991, and did not run until four years later on October 17, 1995.

The defendants assert that although the Nebraska Supreme Court has not adopted the doctrine of adverse domination, it has applied the similar doctrine of equitable estoppel to toll the statute of limitations in certain cases. Equitable estoppel has been used only in limited circumstances. In *Reifschneider v. Nebraska Methodist Hospital*, 233 Neb. 695, 447 N.W.2d 622 (1989), the court stated:

> The elements of equitable estoppel are, as to the party estopped, (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; as to the other party, (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Id.* 447 N.W.2d at 627.

If a plaintiff has time to institute an action after the inducement of the delay has ceased to operate, the Nebraska Supreme Court will not invoke equitable estoppel to excuse the failure to act within the statutory time limit. See *Id.* at 626, and cases cited therein.

### DISCUSSION

The four year statute of limitations under section 25–207 of the Nebraska Revised Statutes ran more than two years after the date the bankruptcy petition was filed. Section 108 of the Bankruptcy Code, therefore, did not provide an extension of the time in which to commence this action. The tolling of the statute of limitations is controlled by state law. The issue is whether the Nebraska Supreme Court would apply equitable estoppel or adopt the doctrine of adverse domination under the facts of this case.

■ The requirements for equitable estoppel have not been met. There is no evidence that the defendants made a false representation or concealed material facts from the plaintiff. There is no evidence that the plaintiff lacked knowledge of the facts in question, or that its inaction is based on false representations or concealment of facts by the defendants. Equitable estoppel is not applicable in this case to toll the statute of limitations.

■ Furthermore, even if all the requirements for application of equitable estoppel were met, the Nebraska Supreme Court would not invoke the doctrine because the plaintiff had time to institute this action after the defendant officers and directors ceased to control the corporation. The defendants contend that the statute of limitations ran on June 27, 1992. This was nearly eight and one half months after the Chapter 7 trustee was appointed and more than sixty days after Mr. David Hahn was appointed as counsel for the Chapter 7 trustee. The Chapter 7

trustee had sufficient time to file his complaint before the statute of limitations ran.

 Even if the Nebraska Supreme Court would adopt the doctrine of adverse domination in some circumstances, it would not do so on the facts of this case. Howe Grain, Inc. was not under adverse control by the defendants after it filed its Chapter 11 bankruptcy case on October 19, 1988. After this date, the officers and directors of the debtor had a fiduciary duty to all creditors as well as to the debtor's shareholders. After a bankruptcy petition is filed, creditors and shareholders have enhanced rights under the Bankruptcy Code. These rights include the ability to conduct discovery under Federal Rule of Bankruptcy Procedure 2004, the right to seek appointment of a trustee, or an examiner, under section 1104 of the Bankruptcy Code, and the right to file their own proposed plan of reorganization under section 1121 of the Bankruptcy Code. At most, under the adverse domination theory, the Nebraska Supreme Court would conclude that the statute of limitations was tolled only until October 19, 1988, the day the Chapter 11 case was filed.

 Furthermore, the Nebraska Supreme Court would decline to apply the adverse domination doctrine to this case because the Chapter 7 trustee had ample time to file a complaint before the four year statute of limitation ran. The statutory period started to run on or before June 27, 1988, when Howe Grain, Inc. was closed by the Nebraska Public Service Commission. The trustee was appointed more than eight months prior to June 27, 1992. The trustee has statutory duties under section 704 of the Bankruptcy Code. These duties include the obligation to investigate the financial affairs of the debtor. The trustee had adequate opportunity to perform these statutory duties prior to the running of the statute of limitations. Two months before the statute of limitation ran, the trustee retained David Hahn as counsel to prosecute the claim against former officers and directors. Mr. Hahn was very familiar with these alleged claims because he already was representing creditors of Howe Grain, Inc. in state court proceedings respecting some of these same transactions. Indeed,

the Chapter 7 trustee's application to retain Mr. David Hahn as counsel, and Mr. David Hahn's representation of creditors in civil litigation in the District Court of Nemaha County, Nebraska, indicate that he was familiar with the core of operative facts that are the basis for this adversary proceeding.

This case will be dismissed by separate order of this court.

### ORDER

For the reasons set forth in this court's Journal Entry entered contemporaneously herewith,

IT IS HEREBY ADJUDGED, ORDERED, AND DECREED, that this case is dismissed, with prejudice.